# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RONALD JERMAINE DUGAS (#314846)**　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　**21-530-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## ORDER

Before the Court is the Amended Complaint of Plaintiff Ronald Jermaine Dugas ("Dugas"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Dugas complains of multiple constitutional violations occurring between January 2020 and March 2020 involving various Defendants at LSP.[2]

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 emphasizes that "amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[3] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and "any question of law or fact common to all defendants will arise in the action." If the claims arise out of the different occurrences and do not involve all defendants, joinder should not be allowed under Rules 18(a) and 20.[4] In other words, in a case involving multiple defendants, if claim one is against five defendants and claim two is against only one of those defendants, joinder should not be allowed,

---

[1] R. Doc. 7.
[2] *See* R. Doc. 7.
[3] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.
[4] *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).

unless all claims arose out of the same event(s) and present common questions; if the claims arise from different events and do not involve all defendants, joinder should not be allowed.[5]

Further, severing unrelated claims brought by a prisoner is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would frustrate the purposes of the Prison Litigation Reform Act ("PLRA").[6] Indeed, the Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision.[7]

Here, Dugas complains of five distinct occurrences that he alleges constitute constitutional violations. The first occurrence involves the alleged denial of mental health care on January 24 and 25, 2020 by Christopher Harrell and an incident of excessive force related to the denial of mental health care, which involved the use of chemical spray by Kendrick Williams and Damon Turner while Dugas was attempting to hang himself.[8] The second occurrence involves Dugas going on hunger strike multiple times from January through March 2020 and the alleged denial of appropriate treatment while he was on hunger strike.[9] The third distinct incident involves claims for alleged failure to intervene/protect occurring on January 30, 2020 against Carl Smith, Major Jones, and Kendrick Williams when Dugas was forced to go into a cell with another inmate, Antonio Dukes, and Dukes allegedly assaulted Dugas.[10] Dugas also appears to be suing Dr. Gamble related to this claim as he says Gamble permitted Dugas and this offender to be placed in

---

[5] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[6] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[7] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").
[8] R. Doc. 7, pp. 4-5.
[9] R. Doc. 7, pp. 6-11.
[10] R. Doc. 7, pp. 8-10.

the same cell.[11] The fourth claim includes an alleged failure to protect occurring on March 25, 2020 against John Orr and Christopher Harrell for placing Dugas in a cell with inmate Demauri McGee, which resulted in McGee allegedly hitting Dugas in the head with a knife.[12] The final distinct event arose on March 25, 2020, when John Doe placed Dugas in full restraints to bring him to shower.[13] Dugas allegedly warned Doe that he was nauseated and "everything was spinning" and explained to Doe that he could not make it to the shower.[14] Dugas says he vomited, and Doe led him through the vomit, which Dugas to slip and fall, injuring himself.[15] Dugas says he asked Doe for medical attention, but Doe did not obtain medical attention for him.[16] Dugas' claims involving the alleged denial of mental health care on January 24 and 25, 2020 by Christopher Harrell and an incident of excessive force related to the denial of mental health care, which involved the use of chemical spray by Kendrick Williams and Damon Turner while Dugas was attempting to hang himself, will be maintained in this case. Dugas' other separately identifiable claims will be severed and filed as new cases.

**IT IS ORDERED** that this case No. 21-cv-530 is **SEVERED** into five separate causes of action and bearing the titles as shown below.[17] The case number for each new case will be sent to Dugas at his address of record as soon as a case number is assigned to his cause. The five severed cases are titled as follows:

Civil Action No. 21-530, *Dugas v. Vannoy* (this original cause number remains unchanged and hereafter only applies to the claims concerning deliberate indifference and excessive force

---

[11] R. Doc. 1, p. 6.
[12] R. Doc. 7, pp. 10-11.
[13] R. Doc. 7, p. 13.
[14] R. Doc. 7, p. 13.
[15] R. Doc. 7, p. 13.
[16] R. Doc. 7, p. 13.
[17] While there are no specific facts about Defendant Darrel Vannoy with regard to the constitutional violations alleged, Dugas seeks relief from Vannoy based on his alleged "knowledge of the aforementioned situations and not intervening." R. Doc. 7, p. 14. Out of an abundance of caution, Vannoy has been listed as a Defendant in each action.


occurring with the requests for mental health treatment and subsequent attempted hanging incident occurring on January 24 and 25, 2020 against Darrel Vannoy, Christopher Harrell, Kendrick Williams, and Damon Turner.

Civil Action No. 23-___, *Dugas v. Turner*, which contains the claims regarding hunger strike and related retaliation[18] against Darrel Vannoy, Damon Turner, Christopher Harrell, Kendrick Williams, and Carl Smith.[19]

Civil Action No. 23-___, *Dugas v. Smith*, which contains the claims regarding failure to intervene/protect and allegations of excessive force against Darrel Vannoy, Carl Smith, Marcus Jones or Damon Turner, Kendrick Williams, and Dr. Gamble occurring on January 30, 2020.

Civil Action No. 23-___, *Dugas v. Orr*, which contains the claim for failure to protect occurring on March 25, 2020 against Darrel Vannoy, John Orr, and Christopher Harrell.[20]

Civil Action No. 23-___, *Dugas v. Doe*, which contains the claim of deliberate indifference occurring on March 25, 2020, wherein John Doe allegedly forced Dugas to take a shower in full restraints, while dizzy and vomiting, causing Dugas to slip and fall Darrel Vannoy, and John Doe.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint,[21] Amended Complaint,[22] and a copy of this Order into each of the newly opened cases noted above.

**IT IS FURTHER ORDERED** that Dugas must either pay the $402.00 filing fee or file an application to proceed *in forma pauperis* in **each** of the newly opened cases.

Signed in Baton Rouge, Louisiana, on February 21, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] R. Doc. 7, p. 7.
[19] Dugas may also be asserting claims against Major Hebert and/or Lt. Goodman related to his hunger strike and retaliation claims, although he did not name either person as a defendant in his original or amended complaints.
[20] It is unclear whether Dugas intended for this claim to be against John Orr only or John Orr and Christopher Harrell. Further, it appears Dr. Gamble may also be implicated in this alleged violation. *See* R. Doc. 7, p. 15.
[21] R. Doc. 1.
[22] R. Doc. 7.