## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RONALD JERMAINE DUGAS (#314846)**               **CIVIL ACTION NO.**

**VERSUS**                                         **21-530-BAJ-EWD**

**DARREL VANNOY, ET AL.**

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 22, 2023.

                               **ERIN WILDER-DOOMES**
                               **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RONALD JERMAINE DUGAS (#314846)**　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**21-530-BAJ-EWD**

**DARREL VANNOY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Plaintiff Ronald Jermaine Dugas ("Plaintiff"), who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Based on the screening process mandated by 28 U.S.C. §§ 1915(e) and 1915A for such complaints, it is recommended that the Court decline the exercise of supplemental jurisdiction over potential state law claims and that all claims against Darrel Vannoy, federal claims for deliberate medical indifference and/or policy violations against Harrell, as well as claims for monetary damages against Kendrick Williams, Damon Turner, and Christopher Harrell in their official capacities be dismissed with prejudice, and that this matter be referred to the magistrate judge on Plaintiff's remaining claims for monetary relief against Kendrick Williams and Damon Turner in their individual capacities for excessive force, and the corresponding claim for monetary relief against Christopher Harrell in his individual capacity for failure to intervene.[2]

**I.　BACKGROUND**

Plaintiff filed this suit on or about September 9, 2021 against numerous defendants under 42 U.S.C. § 1983 alleging those defendants violated his Eighth and Fourteenth Amendment rights.

---

[1] R. Doc. 1.
[2] Because Plaintiff is representing himself, he was given an opportunity to amend his Complaint before this Report and Recommendation was issued. R. Docs. 5 & 7. *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (*pro se* litigants should ordinarily be offered an opportunity to amend prior to dismissal). Despite the amendment (R. Doc. 7), Plaitniff has still failed to provide facts to support his claims for which dismissal is recommended, as explained below.

Because many claims were improperly cumulated, this Court severed the original suit into five separate actions to be given new docket numbers.[3] The only claims remaining in this case are those for deliberate indifference against Christopher Harrell ("Harrell") for his alleged inaction on January 24 and 25, 2020, the alleged incident of excessive force involving Kendrick Williams ("Williams") and Damon Turner ("Turner") on January 25, 2020, and the related failure to intervene claim against Harrell.[4] Plaintiff also named Darrel Vannoy ("Vannoy") for his alleged "knowledge of the aforementioned situations and not intervening.[5] Plaintiff seeks monetary relief.[6]

II.   **LAW & ANALYSIS**

A.   **Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[7] The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

---

[3] R. Doc. 8.
[4] R.; Doc. 8, pp. 3-4.
[5] R. Doc. 7, p. 14.
[6] R. Doc. 7, pp. 14-15.
[7] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Dugas was granted IFP status on September 29, 2021, so both statutes apply. R. Doc. 3.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[8] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[12]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[13] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[14] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[15] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[16]

---

[8] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[9] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.*
[12] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[13] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[14] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[15] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[16] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

## B.  Plaintiff Has Failed to State a Federal Claim against Darrel Vannoy

Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that cause the plaintiff's injury.[17] An allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.[18] Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred because a subordinate applied the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty imposed by state law.[19] To establish liability based on a policy, the policy must be so deficient that it can be seen as the moving force behind the constitutional violation.[20]

Plaintiff does not allege that Vannoy established any policies, much less policies so deficient that the policy itself constitutes a denial of constitutional rights. The only allegation in the Amended Complaint that mentions Vannoy, at all, is as follows: "[f]or Darrel Vannoy having knowledge of the aforementioned situations and not intervening in his individual capacities…."[21] Plaintiff has only provided this conclusory statement and fails to provide any facts to support the that Vannoy had knowledge that Plaintiff's constitutional rights were being violated or that Vannoy had any opportunity to intervene to stop the alleged constitutional violations. "Personal

---

[17] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[18] *See Iqbal*, 556 U.S. at 676 (2009), citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
[19] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[20] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).
[21] R. Doc. 7, p. 14.

4

involvement is an essential element of a civil rights cause of action."[22] Due to the lack of facts to support an inference of personal involvement and the lack of any facts to indicate the implementation by Vannoy of any policy that was the moving force behind the alleged violation(s), Plaintiff's federal claims against Vannoy are subject to dismissal.

### C. Plaintiff Cannot State a Federal Claim against Harrell for Violation of LSP or Department of Public Safety and Corrections Policies

Plaintiff alleges that prison and Department of Public Safety and Corrections ("DPSC") policies were violated when Harrell did not allow Plaintiff to declare himself a mental health emergency.[23] However, violation of the rules or policies of LSP and/or DPSC, alone, does not establish the violation of a constitutional right.[24] Rather, Plaintiff must be able to show an actual violation of a constitutional or federally protected right, not merely a violation of a prison or DPSC policy, and as discussed below, Plaintiff has not demonstrated that Harrell's actions amounted to a violation of the Eighth Amendment. Accordingly, this claim must fail.

### D. Plaintiff Has Not Stated a Claim Federal Claim for Deliberate Indifference against Harrell

A claim of deliberate indifference to serious medical needs requires an inmate plaintiff to demonstrate that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."[25] "[S]ubjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[26] *Farmer* lays out both an objective prong and a subjective prong.[27] The objective

---

[22] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[23] R. Doc. 7, pp. 4-5.
[24] *Lewis v. Secretary of Public Safety and Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) ("The LaDPSC and CCA internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right." (internal citations omitted)).
[25] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).
[26] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[27] *Id.* at 837.

5

prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[28] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[29] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[30] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[31]

    Here, Plaintiff alleges he suffered a delay in care. Though Harrell did not place Plaintiff on suicide watch immediately following his requests for mental health treatment, Plaintiff was placed on suicide watch after he attempted to hang himself with his belt.[32] Because this amounts to a delay in care, Plaintiff cannot succeed on a claim for deliberate indifference without demonstrating resulting substantial harm.[33] Based on the allegations of the Amended Complaint, as a result in the delay, Plaintiff lost consciousness momentarily.[34] Because a momentary loss of consciousness does not rise to the level of "substantial harm,"[35] Plaintiff has failed to state a claim for deliberate indifference to a serious medical need against Harrell and his federal claim against Harrell for this cause of action should be dismissed.

---

[28] *Id.* at 834, quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[29] *Id.*
[30] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).
[31] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[32] R. Doc. 1, p. 6.
[33] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[34] R. Doc. 5, p. 7.
[35] *See Kapordelis v. Autin*, No. 19-1135, 2019 WL 7500820, at *3 (W.D. La. Dec. 16, 2019), report and recommendation adopted, 2020 WL 97408 (W.D. La. Jan 7, 2020) (holding that a plaintiff had not alleged substantial harm from the delay in medical care because he only suffered from temporary severe headaches and an alleged loss of consciousness).

### E. Plaintiff Has Stated a Federal Claim for Excessive Force Against Turner and Williams

The Complaint indicates that a four to five second burst of chemical agent was utilized by Turner and Williams against Plaintiff when he was returning from a loss of consciousness after attempting to hang himself.[36] Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[37] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."[38] Factors to be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response.[39]

According to Plaintiff, before using the chemical agent, Turner and Williams gave an order to Plaintiff to "leave [his] face right there."[40] Reading the Amended Complaint in the light most favorable to Plaintiff, it is not apparent that he disobeyed this or any other orders or acted in any fashion necessitating the use of any force; rather, he alleges that he regained consciousness and was sprayed in the face immediately. The use of chemical agent by an officer to stop an inmate from hanging himself is not objectively unreasonable,[41] but, here, since it is not apparent that there

---

[36] R. Doc. 7, p. 5.
[37] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[38] *Hudson,* 503 U.S. at 10.
[39] *Id.,* 503 U.S. at 7.
[40] R. Doc. 7, p. 5.
[41] *Morgan v. Barnett*, No. 09-167, 2012 WL 1033507, at *7 (N.D. Tex. Mar. 22, 2012), report and recommendation adopted, No. 09-167, 2012 WL 1193741 (N.D. Tex. Apr. 10, 2012).

was a need for application of force, *i.e.*, a need to stop Plaintiff from continuing to attempt to hang himself, this claim should be allowed to proceed.[42]

Though his excessive force claim against Willliams and Turner should proceed, Plaintiff's claims for monetary relief against these defendants in their official capacities is subject to dismissal. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, because these officials are not seen to be "persons" within the meaning of § 1983.[43] In *Hafer v. Melo*,[44] the United States Supreme Court explained the difference between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment.[45] Accordingly, any § 1983 claims for monetary damages asserted by Plaintiff against Williams and Turner in their official capacities are subject to dismissal.[46]

### F. Plaintiff Has Stated a Federal Claim for Failure to Intervene Against Harrell

Plaintiff has also stated sufficient facts, viewed most favorably to him, to state a claim against Harrell for failing to intervene in the alleged acts of excessive force committed by Williams and Turner. Plaintiff alleges that when he regained consciousness, Turner and Williams were in front of his cell. Turner allegedly held the can of mace pointed at Plaintiff like a pistol and told

---

[42] *See Adams v. Louisiana Dept. of Corr.*, No. 18-191, 2019 WL 1950420, at *5 (M.D. La. April 23, 2019) (allowing an excessive force claim to proceed where the plaintiff alleged he was cutting himself, was ordered to quit cutting himself, ceased cutting, and was then sprayed with chemical agent). Though Plaintiff has not alleged an injury resulting from the chemical spray incident, extent of injury sustained is only one factor in the excessive force analysis and is not dispositive. *See Wilkins*, 559 U.S. 34, 37-39 (2010) (holding that, though injury is one factor that may be considered in an excessive force inquiry, no arbitrary quantum of injury is required to maintain an excessive force claim).
[43] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[44] 502 U.S. 21 (1991).
[45] *Hafer,* 502 U.S. at 25.
[46] *See Landry v. Lollis*, No. 19-520, 2019 WL 5777755, at *2 (M.D. La. Oct. 8, 2019), report and recommendation adopted, No. 19-520, 2019 WL 5777388 (M.D. La. Nov. 5, 2019).

Plaintiff to keep his face right there. Turner and Williams then administered the chemical agent as Harrell stood by and laughed.[47] Under the Eighth Amendment to the United States Constitution, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's use of excessive force under a theory of bystander liability. An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.[48] If Harrell was close enough to witness the event, he was, arguably, close enough to intervene, and, although Plaintiff alleges that the use of chemical spray only lasted four to five seconds, his allegations that Turner held the can of mace pointed at Plaintiff like a pistol before administering the burst, suggests that Harrell may have had time to intervene. Although this is not a determination that Plaintiff can prevail against Harrell on this claim, he has alleged sufficient facts for this claim to proceed. Similarly to his claims against Turner and Williams, however, only individual capacity claims against Harrell for failure to intervene should proceed, while official capacity claims should be dismissed.

### G. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling

---

[47] R. Doc. 7, p. 5.
[48] *See Whitley v. Hale*, 726 F.3d 631, 646 (5th Cir. 2013), citing *Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).

reasons.[49] Because the Court is only retaining the excessive force and failure to intervene claims, which require a wholly different analysis than any potential state law claim,[50] it is further recommended that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over potential state law claims, and that Plaintiff Ronald Jermaine Dugas' federal claims against Darrel Vannoy, federal claims for deliberate medical indifference and/or policy violations against Harrell, as well as Dugas' claims for monetary relief against Kendrick Williams, Damon Turner, and Christopher Harrell in their official capacities be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this matter be referred to the magistrate judge for further proceedings on Dugas' remaining claims (*i.e.*, claims for monetary relief against Kendrick Williams and Damon Turner in their individual capacities for the alleged act of excessive force occurring on January 25, 2020, and corresponding claim against Christopher Harrell in his individual capacity for monetary relief for failure to intervene).

Signed in Baton Rouge, Louisiana, on February 22, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] 28 U.S.C. § 1367.
[50] The likely state law claim involving this set of facts is battery, which requires a distinct analysis from an excessive force claim.