UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD DUGAS (#314846)                                    CIVIL ACTION NO.

VERSUS                                                                21-530-BAJ-EWD

DARREL VANNOY, ET AL.

**ORDER**

Before the Court are three Motions, filed by Defendants Christopher Harrell, Damon Turner, and Kendrick Williams (collectively "Defendants"): 1) a Motion for Leave to Depose Plaintiff ("Motion to Depose"), 2) a Motion to Stay Discovery ("Motion to Stay"), and 3) a Motion to Withdraw Rec. Doc. 27 ("Motion to Withdraw"),[1] as well as a Motion to Amend Request for Deposition ("Motion to Amend"), filed by the Plaintiff Ronald Dugas ("Dugas").[2] Defendants have also filed a Memorandum in Opposition to Plaintiff's Motion to Amend Request for Deposition (R. Doc. 41).[3] The Motion to Stay Discovery will be granted and discovery will be stayed in this case pending resolution of Defendants' qualified immunity defense. The Motion to Withdraw, which seeks to withdraw Defendants' Motion to Depose will also be granted. Finally, Dugas' Motion to Amend Request for Deposition will be denied as moot to the extent it seeks to amend the request for deposition without prejudice to reurging, if Defendants are not granted qualified immunity. To the extent the Motion to Amend Request for Deposition seeks to amend the complaint to remove claims against Kendrick Williams, his request to amend is granted.[4]

---

[1] R. Doc. R. Docs. 27, 37, & 42.
[2] R. Doc. 41.
[3] R. Doc. 43.
[4] *See Taylor v. City of Shreveport*, No. 11-317, 2011 WL 4954615, at 1-2 (W.D. La. Oct. 17, 2011) (magistrate judge terminating parties due to the filing of an amended complaint).

Because Defendants have asserted the defense of qualified immunity in a Motion for Judgment on the Pleadings that is pending before the Court, they seek to stay discovery in this case pending resolution of the qualified immunity defense.[5] Though the time for Dugas to oppose the Motion to Stay has not yet expired, because the law is clear regarding the effect of the qualified immunity defense on discovery, no opposition is required.

When a defendant asserts the defense of qualified immunity, discovery is generally not allowed until resolution of that threshold issue unless the court determines that it is unable to rule on the qualified immunity defense without additional facts. As the Fifth Circuit has recently noted, "The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI [qualified immunity] must survive the motion to dismiss without any discovery."[6] *Carswell* also ruled out discovery on other claims before the qualified immunity defense is decided, because individuals asserting qualified immunity are to be free from the burden of discovery, including participation in discovery directed to other parties.[7] Because Defendants have asserted the qualified immunity defense, good cause exists to grant Defendants' Motion to Stay pending resolution of their Motion for Judgment on the Pleadings.

Before they filed the Motion for Judgment on the Pleadings and Motion to Stay, Defendants filed a Motion to Depose,[8] which asks for permission to depose Dugas. As Defendants now seek to stay discovery, they have filed a Motion to Withdraw[9] the Motion to Depose. The Motion to Withdraw will be granted. Should it become necessary, Defendants may move to depose Dugas

---

[5] R. Doc. 36-1, pp. 5-14.
[6] *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).
[7] *Id.*, citing Ashcroft v. Iqbal, 556 U.S. 662, 685-86 (2009). Although *Carswell* discusses the effect on discovery when the qualified immunity defense is asserted in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) applies the same standard, such that *Carswell* is equally applicable to those motions. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (noting that a motion for judgment on the pleadings is subject to the same standard as a motion to dismiss).
[8] R. Doc. 27.
[9] R. Doc. 42.

after the qualified immunity defense is resolved.

Additionally, Dugas' Motion to Amend Request for Deposition, in which Dugas seeks to amend a previously filed request to depose Defendants Christopher Harrell and Damon Turner will be denied without prejudice to refiling, considering the Court's Order staying discovery in this case.[10] If Defendants' Motion for Judgment on the Pleadings is not granted in its entirety, Dugas may file another motion seeking the depositions of Christopher Harrell and Damon Turner.[11] Dugas' request to amend his complaint to omit his claims against Defendant Kendrick Williams,[12] will be granted.

Accordingly,

**IT IS ORDERED** that the Motion to Stay Discovery,[13] filed by Defendants, Christopher Harrell, Damon Turner, and Kendrick Williams is **GRANTED** for good cause shown. Discovery in this case is **STAYED** pending a resolution of Defendants' Motion for Judgment on the Pleadings[14] that raises the defense of qualified immunity. The parties are advised that if the Motion for Judgment on the Pleadings is not granted dismissing all claims against Defendants, the parties may restart discovery. The parties will have thirty (30) days from the date of a Ruling on the Motion for Judgment on the Pleadings to complete discovery, and sixty (60) days from the date of a Ruling on the Motion for Judgment on the Pleadings to file cross-motions for summary judgment, if any.

---

[10] The proposed amendment by Dugas was prompted by the filing of an Opposition by Defendants, in which they objected to Dugas' request for depositions because he had not provided a date, time, or place to take the depositions. R. Doc. 35.

[11] Dugas seeks to amend his request for depositions to add a specific date and time for the depositions. R. Doc. 41, p. 1.

[12] *See* R. Doc. 41, ¶4 (Plaintiff also request[s] that Kendrick Williams be removed from this lawsuit.") and ¶7 ("Further, Plaintiff request[s] this court issue omission of Kendrick Williams from my complaint.").

[13] R. Doc. 37.

[14] R. Doc. 37.

**IT IS FURTHER ORDERED** that the Motion to Withdraw Rec. Doc. 27,[15] filed by Defendants, is **GRANTED**. The Motion for Leave to Depose Plaintiff[16] is **WITHDRAWN.** Defendants may move for leave to depose Plaintiff after the Motion for Judgment on the Pleadings is resolved, if appropriate.

**IT IS FURTHER ORDERED** that the Dugas' Request for Deposition[17] is **DENIED** without prejudice. Dugas may move for leave to depose Defendants after the Motion for Judgment on the Pleadings is resolved, if appropriate.

**IT IS FURTHER ORDERED** that Dugas' Motion for Leave to Amend[18] is **DENIED AS MOOT** to the extent he seeks to amend his deposition request and is **GRANTED** to the extent he seeks to amend his Complaint to omit his claims against Defendant Kendrick Williams. The Clerk of Court is instructed to **TERMINATE** Kendrick Williams as a defendant in this case.

Signed in Baton Rouge, Louisiana, on October 5, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 42.
[16] R. Doc. 27.
[17] R. Doc. 41.
[18] R. Doc. 41.