### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

**RONALD DUGAS (#314846)**                    **CIVIL ACTION NO.**

**VERSUS**                                    **21-530-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 8, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**RONALD DUGAS (#314846)**                    **CIVIL ACTION NO.**

**VERSUS**                                    **21-530-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Judgment on the Pleadings ("Motion"), filed by Christopher Harrell ("Harrell"), Damon Turner ("Turner"), and Kendrick Williams ("Williams") (collectively Harrell and Turner are "Defendants").[1] The Motion is opposed.[2] It is recommended that the Motion be denied because Ronald Dugas ("Plaintiff") has alleged sufficient facts to overcome the qualified immunity defense as to whether the use of chemical agent against him on January 25, 2020 was an appropriate use of force, and as to his bystander liability claim against Harrell, so Defendants are not entitled to qualified immunity.

### I.    BACKGROUND

Plaintiff filed this suit on or about September 9, 2021 against several defendants, asserting claims under 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment rights. Because many claims were improperly cumulated, this Court severed the original suit into five separate cases.[3] Following the screening process required under 28 U.S.C. § 1915(A), and permitted under 28 U.S.C. § 1915(e), and the voluntary dismissal of Plaintiff's claims against Williams, only the following claims remain: Plaintiff's claim for monetary relief against Turner in

---

[1] R. Doc. 36. After his Complaint was screened by the Court under 28 U.S.C. §§ 1915(A) and 1915(e), Plaintiff also still had a pending claim for monetary relief against Williams in his individual capacity for the alleged act of excessive force on January 25, 2020. After the Motion was filed, Plaintiff sought to amend his Complaint to remove his claim against Williams (R. Doc. 43), which was granted by the Court. R. Doc. 45. Accordingly, only claims against Harrell and Turner remain in this action.

[2] R. Doc. 46. Defendants also recently filed a reply memorandum (R. Doc. 47), which raises new arguments. "[A]rguments cannot be raised for the first time in a reply brief." *Little Tchefuncte River Ass'n v. Artesian Utility Company, Inc.*, 155 F.Supp. 637, 657 (E.D. La. Dec. 11, 2015). Accordingly, Defendants' arguments improperly presented for the first time in the reply memorandum were not considered.

[3] R. Doc. 8.

his individual capacity for the alleged act of excessive force occurring on January 25, 2020, and a corresponding claim against Harrell in his individual capacity for monetary relief for failure to intervene in the same incident.[4]

## II. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Entry of judgment on the pleadings is proper if the material facts are not in dispute and the court can render judgment on the merits by looking to the substance of the pleadings and any judicially noticed facts.[5] The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).[6]

In *Bell Atlantic Corp. v. Twombly*,[7] and *Ashcroft v. Iqbal*,[8] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

---

[4] R. Docs. 9, 10, 43 and 45.
[5] *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018).
[6] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004), citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).
[7] 550 U.S. 544 (2007)
[8] 556 U.S. 662 (2009).
[9] *Twombly*, 550 U.S. at 555.
[10] *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).
[11] *Id.*

2

the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" [12] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[13]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[14] Further, "[a] document filed by an unrepresented party is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers.'"[15] Additionally, the federal pleading rules only require a "short and plain statement of the claim showing that the pleader is entitled to relief."[16] The task of the Court is not to decide if a plaintiff will eventually be successful, but to decide if a "legally cognizable claim" was asserted.[17]

### B. Turner Is Not Entitled to Qualified Immunity At This Time

Defendants have asserted that they are entitled to qualified immunity, a defense often asserted by defendants against claims for violations of constitutional rights, such as Plaintiff's.[18] Employing a two-step process, the defense operates to protect public officials who are performing discretionary tasks.[19] Viewing the facts in the light most favorable to the plaintiff, courts evaluating the defense consider whether the defendant's conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time the violation occurred. Courts have discretion to decide which of the two prongs of the analysis to address first.[20]

---

[12] *Id.* at 679.
[13] *Id.* at 678 (internal quotation marks omitted).
[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[15] *Id.* (citation omitted).
[16] Federal Rule of Civil Procedure 8(a)(2).
[17] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[18] R. Doc. 36-1, pp. 5-14.
[19] *Huff v. Crites*, 473 Fed.Appx. 398, 399 (5th Cir. 2012).
[20] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").

As to the excessive force claim against Turner, Defendants argue that chemical agent was used in this case to prevent Plaintiff from hanging himself again, and that this Court previously noted that "the use of chemical agent by an officer to stop an inmate from hanging himself is not objectively unreasonable."[21]   Based on this statement, Defendants contend that the Court has already recognized that Defendants are entitled to qualified immunity because it was not clearly established that chemical agent could not be used to prevent an inmate from attempting suicide. However, Defendants argument ignores the remainder of the sentence in the screening Report and Recommendation.  The entire sentence reads: "The use of chemical agent by an officer to stop an inmate from hanging himself is not objectively unreasonable, *but here, since it is not apparent that there was a need for application of force, i.e., a need to stop Plaintiff from continuing to attempt to hang himself, this claim should be allowed to proceed.*"[22] The Defendants quote the Court out of context and rely heavily on the Court's statement that using chemical agent against an inmate to *prevent* that inmate from hanging himself is not objectively unreasonable.

Plaintiff alleges that, after he attempted to hang himself, "[w]hen I regained consciousness, [Turner] and [Williams] stood in front of my cell.  [Turner] held a can of mace pointed at me like it was a pistol & stated 'leave your face right there' before both [Turner] and [Williams] began administering a 4 or 5 second burst of mace in my cell while [Harell] stood there laughing."[23] Reading the facts alleged by Plaintiff in the light most favorable to him, contrary to Defendants' argument, and as previously suggested by this Court, it is disputed whether chemical agent was used to prevent Plaintiff from hanging himself. Rather, reading the facts most favorably to Plaintiff could lead to the conclusion that Plaintiff had already attempted to hang himself and had regained

---

[21] R. Doc. 36-1, p. 11, citing R. Doc. 9, p. 8.
[22] R Doc. 9, pp. 8-9 (emphasis added).
[23] R. Doc. 7, p. 5.

consciousness a mere moment before being instructed to "leave [his] face right there," at which point chemical agent was used against him.

The screening Report and Recommendation cites *Adams v. Louisiana Dept. of Corr.*,[24] in noting that Plaintiff's claims should proceed because it was not apparent that there was a need for the application of force.[25]   In *Adams*, this Court found that a plaintiff, who alleged that he was sprayed with chemical agent after he had stopped cutting himself and dropped the razor blade down the shower drain, had stated sufficient facts to overcome the qualified immunity defense at the motion to dismiss stage.[26] Accepting the allegations as true, the Court concluded that "at the time the plaintiff was sprayed with chemical agent there was no need for the application of such force."[27] Here, Plaintiff alleges similar facts, *i.e.,* that chemical agent was used against him when he was no longer actively engaged in self-harm.[28]   As recognized by this Court in *Adams*, it is clearly established that an officer may not use force against an inmate when there is no need for the application of force.   While Defendants argue that there was a need for the force employed (*i.e.*, to prevent Plaintiff's suicide attempt), Plaintiff's allegations in his pleadings, viewed with all inferences most favorable to him, create a factual dispute as to whether there was need for the

---

[24] 2019 WL 1950420 (M.D. La. April 23, 2019).
[25] R. Doc. 9, pp. 8-9.
[26] 2019 WL 1950420, at *5.
[27] *Id.*
[28] Plaintiff notes in his Amended Complaint and in his opposition that he "had just regained consciousness."  R. Doc. 7, p. 5 and R. Doc. 46, p. 7.  While there are what may be discrepancies between the facts alleged in the Amended Complaint and the details provided in the Plaintiff's opposition memorandum, as noted by Defendants in their reply brief (R. Doc. 47), Defendants also correctly recognize that, the Court's review in resolving the Motion is limited to the *pleadings*. R. Doc. 47, pp. 2-3.  Although Defendants say the Court should not consider additional facts in Plaintiff's opposition memorandum, they then ask the Court to consider that Plaintiff said in his opposition memorandum that he was given verbal commands before chemical agent was deployed.  R. Doc. 47, p. 4.  This is not information contained in the Amended Complaint, and it is not properly considered on a Rule 12(c) Motion.  The sequence of events and details surrounding the incident at issue may be fleshed out during discovery.  After which, Defendants may file a motion for summary judgment, citing to the relevant evidence, if appropriate.

application of force.[29]  Accordingly, this issue cannot be resolved on the current pleadings, and Turner is not entitled to qualified immunity on Plaintiff's excessive force claim at this time.

### C.  Harrell Is Also Not Entitled to Qualified Immunity At This Time

Regarding Harrell, against whom Plaintiff alleges a failure to intervene claim, in addition to arguing that, because there was no excessive force, there could be no failure to intervene, Defendants also argue that Plaintiff has not alleged sufficient facts to show that Harrell has an opportunity to intervene.  The first argument fails because, as stated above, Plaintiff has alleged sufficient facts to state an excessive force claim against Turner at this time, and Turner is not entitled to qualified immunity.

Relative to Defendants' substantive argument that Plaintiff has not alleged facts to show that Harrell had the opportunity to intervene, Plaintiff alleges that a 4 to 5 second burst of mace was used against him, and that Harrell stood by laughing. To establish that Harrell failed to intervene, Plaintiff must show that Harrell: 1) knew a fellow officer (here, Turner) was violating Plaintiff's constitutional rights, 2) was present at the scene of the constitutional violation, 3) had a reasonable opportunity to prevent the harm but, nevertheless, 4) chose not to act.[30] This Court already determined that if Harrell was close enough to witness the event (and laugh at it), he was, arguably, close enough to intervene.  Although Defendants seize on the length of time Plaintiff says the chemical burst lasted, Plaintiff also alleged that Turner held the can of mace pointed at Plaintiff like a pistol before administering the burst. It is not clear how long the entire event lasted,

---

[29] 2019 WL 1950420, at *5 (declining to find the relevant defendant was protected by qualified immunity because "[a]ccepting the plaintiff's allegations as true, it appears that at the time the plaintiff was sprayed with chemical agent there was no need for the application of such force."). *See also Williams v. Luna*, 909 F.2d 121, 122, 124 (5th Cir. 1990) (force applied for no reason against a compliant inmate is clearly excessive to the need and objectively unreasonable) (quotation marks and citations omitted).

[30] *Causer v. Ard*, 18-779, 2020 WL 5803449, at *2 (M.D. La. Sept. 29, 2020), citing *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (quoting *Randall v. Prince George's Cty.*, 302 F.3d 188, 204 (4th Cir. 2002)).

but this suggests there may have been time for Harrell to intervene, as the Court previously explained.[31]

### III.  CONCLUSION

At bottom, Defendants argue the merits of facts that are not clearly established from the pleadings to support a defense of qualified immunity. The Court is not permitted at this juncture of the case to make credibility determinations or to weigh evidence.  Accordingly,

**IT IS RECOMMENDED** that the Motion for Judgment on the Pleadings,[32] filed by Defendants, Christopher Harrell, Damon Turner, and Kendrick Williams be **DENIED** and that this matter be referred to the magistrate judge for further proceedings.[33]

Signed in Baton Rouge, Louisiana, on November 8, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] *See* R. Doc. 9, p. 10.
[32] R. Doc. 36.
[33] Defendants alternatively request that, if their argument regarding qualified immunity is successful, Plaintiff be required to file a Rule 7(a) Reply.  R. Doc. 36-1, p. 15.  Because Plaintiff has pleaded sufficient facts to overcome the qualified immunity defense at this time a Rule 7(a) Reply is not necessary.